NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted February 13, 2007*
Decided March 5, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** RICHARD D. CUDAHY, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

**No**. 06-3799

ABBOTT LABORATORIES,
    *Plaintiff-Appellant*,

**v.**

BAXTER INTERNATIONAL, INCORPORATED,
    *Defendant-Appellee*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 01 C 4809
Ronald A. Guzmán, *Judge*.

**Order**

An arbitral tribunal's award required Baxter International to refrain from competing in the market for sevoflurane until December 2005. This restraint was ancillary to licensing agreements concerning sevoflurane made by a patented process, and we held that the award was lawful and had been properly confirmed by the district court. See *Baxter International, Inc. v. Abbott Laboratories*, 315 F.3d 829 (7th Cir. 2003).

As the time when the patents were to expire and Baxter again could sell sevoflurane approached, it began to make marketing plans and to contact potential customers. It negotiated several deals that would take effect when it could resume deliveries. Abbott Laboratories does not contend that Baxter delivered any

---

    * After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

sevoflurane in advance of the date specified in the award but maintains that the initial steps of planning to make sales, and of negotiating with potential customers, violate the award. It asked the district court to hold Baxter in contempt of court and appeals from the order rejecting this request.

The award requires Baxter "not to market, whether directly or indirectly, the inhalation anesthetic known as Sevoflurane in the Territory defined in the" licenses until December 11, 2005. Abbott observes that, in both a colloquial and a dictionary sense, activities that promote the sale of a product "market" that product even though they do not result in immediate deliveries. The district court granted that premise but observed that "to market" likewise can mean "to sell". A litigant should not be held in contempt, the district court wrote, unless it has violated an unambiguous command. See *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). This command was ambiguous, the district court concluded--adding that in its view Baxter's reading (which equates "market" with "sell") is the preferable one.

We agree with the district court's conclusion that the phrase is ambiguous. It could mean "do not engage in sales promotions until December 11, 2005" or "do not deliver to customers until December 11, 2005." One need look no further than the district court's opinion to see the problem. It would be more than a little strange to hold that Baxter had violated an unambiguous command, when the district court itself agreed with Baxter's reading--and with a good deal of sense.

The award is designed to keep Baxter out of the sevoflurane business during the term of the patent and licenses, not to protect Abbott beyond that term. If Baxter could not begin to approach potential customers until December 11, 2005, then as a practical matter Abbott would have the market to itself for all of December 2005 and perhaps much of 2006, for many customers commit to long-term purchase contracts. Customers shopping for sevoflurane during 2005 for delivery during 2006 were entitled to know that during 2006 Baxter could supply their needs.

Whether or not this is an inevitable understanding of the award, it is not such an idiosyncratic one that the district court abused its discretion (the applicable standard of review, see *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989)) by refusing to hold Baxter in contempt of court.

AFFIRMED